**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4629**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAGUESTE PLASIMOND, a/k/a Tyrone,

Defendant - Appellant.

_____

On Remand from the United States Supreme Court.
S. Ct. No. 04-6218

_____

Submitted:  September 19, 2005     Decided:  September 27, 2005

_____

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

_____

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Magueste Plasimond appeals his conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (2000), and for aiding and abetting possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (2000). We affirm his conviction, but vacate his sentence and remand for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

Plasimond contends that the district court improperly sentenced him when it imposed a sentence greater than the maximum authorized by the facts he admitted to in his guilty plea. Because he failed to raise this claim below, we review it for plain error. Hughes, 401 F.3d at 547.

Plasimond pled guilty to possession of an unspecified amount of cocaine. At sentencing, the district court held Plasimond accountable for three kilograms of cocaine base for a base offense level of thirty-eight under U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2004). The district court subtracted three offense levels for acceptance of responsibility under USSG § 3E1.1(a). With a total offense level of thirty-five and a criminal history category of I, resulting in a guideline range of 168-210 months' imprisonment, the district court sentenced Plasimond to 168 months' imprisonment.

The district court's drug quantity factual findings provided the basis for a sentence that exceeded the sentence that could have been imposed based only on the facts Plasimond admitted to in his guilty plea. The district court erred in basing the sentence on judge-found facts under a mandatory guidelines regime, and the error was plain.[*] Hughes, 401 F.3d at 547-48. Because Plasimond's sentence was longer than what could have been imposed based on the guilty plea alone, the error affected his substantial rights, id. at 548, and we will notice the error, id. at 555. Therefore, Plasimond must be resentenced.

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all the factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as

_____

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Plasimond's sentencing.

required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

We affirm Plasimond's conviction.  In light of <u>Booker</u> and <u>Hughes</u>, we vacate Plasimond's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED</u>
<u>AND REMANDED IN PART</u>